IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LOIS & PAUL CASTO,

           Plaintiffs,

v.                                                CIVIL ACTION NO.   3:16-5890

JPMORGAN CHASE BANK, N.A.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

        Pending before the Court is Plaintiffs Lois and Paul Casto's Motion to Remand and Request for Reasonable Attorney's Fees. ECF No. 5. Upon considering the arguments by the parties, the Court **GRANTS** the Motion to Remand, but **DENIES** Plaintiff's Request for Reasonable Attorney's Fees.

        This action was filed in the Circuit Court of Putnam County, West Virginia on October 2, 2015. In their Complaint, Plaintiffs allege claims against Defendant for violations of the West Virginia Consumer Credit and Protection Act, negligence, invasion of privacy, and intentional infliction of emotional distress. It is undisputed that the Complaint raised only state law claims. However, on May 31, 2016, Plaintiffs filed a Motion for Leave to File an Amended Complaint. The Proposed Amended Complaint includes, inter alia, a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Before the state court ruled upon the motion, Defendant JPMorgan Chase Bank, N.A.[1] removed this action on June 30, 2016, on grounds of

---

[1] Defendant contends that it was incorrectly identified as JPMorgan Chase Bank, N.A., and

federal question jurisdiction. Plaintiffs moved to remand because the state court never granted the motion and, thus, Defendant's motion was premature.

Under 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b))(3), in part. The pivotal issue presented in this matter is when does the thirty-day period for removal commence. Plaintiffs argue that, because the motion to amend was never granted, a federal question does not yet exist and this Court lacks jurisdiction. On the other hand, Defendant insists that Plaintiffs' motion triggered the start of the thirty-day clock.

It is well established that removal jurisdiction is strictly construed. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted). In deciding a motion to remand, the party seeking removal bears the burden of showing federal jurisdiction exists. *Id.* (citation omitted). In addition, a district court must "'resolve all doubts about the propriety of removal in favor of retained state jurisdiction.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).

In determining what triggers the removal period, the district court in South Carolina found that "[a] minority of courts have held that the removal period begins when a plaintiff files a motion to amend." *Nolan v. Sunstate Carriers, Inc.*, C/A No. 4:09-2043-RBH, 2009 WL 5031308,

---

its correct title is Chase Bank USA, N.A.

at *3 (D. S.C. Dec. 14, 2009) (citations omitted). On the other hand, the court stated that "[t]he majority of courts . . . have held that the thirty-day removal period does not begin to run until a state court judge enters an order granting leave to file an amended complaint." *Id*. (citing *Hibbs v. Consol. Coal Co.*, 842 F. Supp. 215 (N.D. W. Va. 1994) (other citations omitted)); *see also Savilla v. Speedway SuperAmerica, LLC*, 91 Fed. Appx. 829, 830-31 (4th Cir. 2004) (per curiam) (vacating the decision of the district court and finding that removal was not premature where state court granted a motion for leave to file an amended complaint and the Second Amended Complaint was filed with the motion, signed by counsel, and served upon opposing counsel). In other words, "[w]here leave to amend is required, an amended complaint cannot be operative until that leave has been granted. Simply put, in federal court, there is simply no such thing as 'contingent' subject matter jurisdiction." *McDonough v. UGL UNICCO*, 766 F. Supp.2d 544, 546 (E.D. Pa. 2011) (footnote omitted). The court in *Hibbs* also explained that this rule "relieves defendants from speculating about the state court's ruling or speculating about whether a plaintiff will withdraw a motion to amend if a Notice of Removal is filed." *Hibbs*, 842 F. Supp. at 217.[2]

Upon consideration of these factors, this Court agrees with the majority rule. Therefore, applying the rule to these facts, the Court finds that Defendant's removal was premature

---

[2]As support, Defendant cites *Mountain State Land Co. v. DLH*, Civ. Act. No. 5:08-cv-00049, 2008 WL 4058420 (S.D. W. Va. Aug. 26, 2008), for the position that removal begins to run on the date a defendant receives a motion to amend a complaint. Upon review, the Court disagrees. In *Mountain State*, the court held in *dicta*, as an alternate ground for remand, that the removal was filed late because the thirty-day clock began to run at the latest when the state court entered the parties' agreed order permitting the plaintiff to file an amended complaint and a copy of the amended complaint was attached to the motion. *Id*. at *1 & 5. As the state court never entered an order granting the amendment in this case, the Court finds that *Mountain State* does not support Defendant's position.

because the state court never granted the motion to amend.[3] Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand and **DIRECTS** the Clerk to remand this action back to the Circuit Court of Putnam County, West Virginia. In addition, the Court finds that attorneys' fees in this case are not warranted. Although the Court rejected Defendant's arguments that removal was proper, the Court finds that Defendant's arguments were at least objectively reasonable and, if the state court would have granted the motion before removal, federal question jurisdiction would exist. Therefore, the Court **DENIES** Plaintiffs' request for attorney's fees.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 17, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE

---

[3]In its Response, Defendant states that when the case was removed "Plaintiffs immediately re-filed their motion for leave to amend their complaint in this Court." *Resp. in Opp. to Pls.' Motion to Remand*, at 2, ECF No. 7, at 2 (footnote omitted). Therefore, Defendant argues the Court should simply grant the motion and cure any jurisdictional defect. However, the Court notes that Plaintiffs did not refile their motion in this Court. As the motion was pending at the time of removal, the Clerk of this Court *sua sponte* refiled it upon receiving the Notice of Removal with the state court documents attached. In addition, the Court finds that Defendant's position that this Court should cure the jurisdictional defect by granting the motion to amend simply makes an end run around the majority rule and permits defendants to prematurely remove cases. The Court declines to take such approach.